UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| NORA L. MIHELICK, | : | CASE NO. 1:16-CV-00451 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 11] |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 25, 2015, Plaintiff Nora L. Mihelick filed a complaint in the Northern District of Ohio against Defendant United States seeking a tax refund under 26 U.S.C. § 7442.[1] Plaintiff resides in Fort Meyer, Florida,[2] located in the Middle District of Florida.

On July 21, 2016, Defendant United States filed a motion to dismiss for improper venue.[3] Plaintiff argues that venue in the Northern District of Ohio is proper, and, if it is not, the Court should transfer the case to the Middle District of Florida.[4]

For the following reasons, the Court **DENIES** Defendant's motion to dismiss for improper venue and transfers the case to the Middle District of Florida.

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a case when venue is "improper" in the forum in which it was brought.[5] If venue is improper in the

---

[1] Doc. 1.
[2] Doc. 1 at 1.
[3] Doc. 11.
[4] Doc. 13. Defendant replied. Doc. 14.
[5] Fed. R. Civ. P. 12(b)(3).

Case No. 1:16-CV-00451
Gwin, J.

forum selected by plaintiff, a district court can either dismiss the case or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[6]

When a plaintiff seeks a tax refund under 26 U.S.C.A § 7422(a), the statutory grant of jurisdiction is found in 28 U.S.C.A § 1346(a)(1). The applicable venue statute for § 1346(a)(1) actions is 28 U.S.C.A. § 1402. Under § 1402, a case "may be prosecuted only . . . [e]xcept as provided in paragraph (2), in the judicial district where the plaintiff resides."[7] Paragraph 2 provides that "[in] the case of a civil action by a *corporation* . . . a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division."[8]

Plaintiff argues that venue is proper in the Northern District of Ohio pursuant to 28 U.S.C.A. § 1402(a)(2), which provides that "for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division."[9] The language in paragraph 2, however, applies only to cases brought by corporate plaintiffs.[10] When an individual plaintiff brings suit for a tax refund, venue is only proper where the individual resides.[11] Therefore, venue is proper in this case only in the Middle District of Florida.

---

[6] 28 U.S.C.A. § 1406(a). Although some courts do not appear to consider the option to transfer in § 1402(a)(1) cases, most courts do. *Compare Chan v. U.S.*, 115 A.F.T.R.2d 2015-2176 (W.D. Mo. 2015) (dismissing without considering transfer) *with Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010), aff'd, 442 F. App'x 570 (D.C. Cir. 2011) (finding that "[t]he interest of justice generally requires transferring [] cases instead of dismissing them" in a § 1402(a)(1) case); *Ciccotelli v. U.S.*, 545 F.Supp.2d 609, 612–13 (W.D. Tex. 2008) (transferring to plaintiff's home district instead of dismissing the case).
[7] 28 U.S.C.A. § 1402(a)(1).
[8] 28 U.S.C.A. § 1402(a)(2) (emphasis added).
[9] *Id*. Despite Plaintiff's earlier assertion that venue is proper under "28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1402(a)," Doc. 1 at 1, Plaintiff and Defendant agree that 28 U.S.C.A. § 1402 applies here. Doc. 11 at 3; Doc 13 at 3.
[10] *See Laukus*, 691 F. Supp. 2d at 126 ("To the extent that [an individual plaintiff] brings [an] action pursuant to 28 U.S.C. § 1346 for the recovery of internal revenue taxes alleged to have been unlawfully assessed or collected, venue is proper only in the district where [plaintiff] resides."); *see also Caleshu v. Wangelin*, 549 F.2d 93, 96 n.3 (8th Cir. 1977) ("We note that '(a)' under 28 U.S.C. § 1402 is classified as a 'subsection' and '(2)' is classified as a 'paragraph.' The last sentence of '(2)' clearly refers only to that 'paragraph.'").
[11] 28 U.S.C.A. § 1402(a)(1).

Case No. 1:16-CV-00451
Gwin, J.

Defendant argues that because Plaintiff improperly filed her case in this Court, her claim must be dismissed. Plaintiff argues that the case should be transferred to the Middle District of Florida in the interest of justice.[12] This Court agrees with Plaintiff.

The interest of justice requires transferring rather than dismissing a case.[13] Plaintiff timely filed her lawsuit here and would be time-barred from refiling if the Court dismissed the case.[14] Accordingly, Defendant's motion to dismiss is **DENIED** and Plaintiff's claim is transferred to the Middle District of Florida pursuant to 28 U.S.C.A. § 1406(a).[15]

IT IS SO ORDERED.

Dated:  September 27, 2016                                   *s/       James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[12] Doc. 13 at 3-4 (citing 28 U.S.C.A. § 1406).
[13] *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quoting *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)) ("If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of s 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'").
[14] Doc. 13 at 4.
[15] *Ciccotelli v. U.S.*, 545 F.Supp.2d 609, 612–13 (W.D. Tex. 2008) (transferring rather than dismissing a 26 U.S.C.A § 7422(a) claim where plaintiff would be time-barred from refiling).